UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:25-cv-01956-JLS-SP | Date | August 11, 2025 |
|---|---|---|---|
| Title | Grigorii Fedorov v. Warden Adelanto ICE Processing Center, et al. | | |

| Present: The Honorable | Sheri Pym, United States Magistrate Judge | |
|---|---|---|
| Kimberly Carter | None | None |
| Deputy Clerk | Court Reporter/Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| None | | None |

**Proceedings:**   **(In Chambers) Order to Show Cause Why Petition Should Not Be Dismissed for Lack of Standing**

On July 29, 2025, Grigorii Fedorov, proceeding through his wife Marina Federova in pro se, filed an Emergency Petition for Writ of Habeas Corpus ("Petition") and Motion for a Temporary Restraining Order ("TRO"). Docket no. 1. Grigorii Fedorov is being held in federal custody in the Adelanto ICE Processing Center in Adelanto, CA. *Id.* at 1. The Motion for a TRO seeking his immediate release was denied on August 1, 2025. Docket no. 5.

In addition to the matter addressed in the court's order denying the Motion for a TRO, it appears the Petition suffers from a fundamental defect. Although the face page of the Petition lists Grigorii Federov as the petitioner, the Petition was filed by Marina Federova and the Petition itself makes clear she is the true petitioner, albeit one who is seeking relief for Grigorii Federov. *See, e.g.,* Petition at 3, 5, 11. But therein lies the issue, in that Marina Fedorova does not appear to have standing to bring this Petition on behalf of Grigorii Fedorov.

A federal court cannot consider the merits of a legal claim unless the person seeking to invoke the jurisdiction of the court establishes the requisite standing to sue. *Whitmore v. Arkansas*, 495 U.S. 149, 154, 110 S. Ct. 1717, 109 L. Ed. 2d 135 (1990). A litigant demonstrates standing by showing that he or she has suffered an injury in fact that can be fairly traced to the challenged action and is likely to be redressed by a favorable judicial decision. *Id.* at 155.

"It is well established that the privilege to represent oneself *pro se* provided by [28 U.S.C.] § 1654 is personal to the litigant and does not extend to other parties or entities."

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:25-cv-01956-JLS-SP | Date | August 11, 2025 |
|---|---|---|---|
| Title | Grigorii Fedorov v. Warden Adelanto ICE Processing Center, et al. | | |

*Simon v. Hartford Life, Inc.*, 546 F.3d 661, 664 (9th Cir. 2008) (citation omitted). Consequently, "courts have routinely adhered to the general rule prohibiting *pro se* plaintiffs from pursuing claims on behalf of others in a representative capacity." *Id.* This court's Local Rule 83-2.2.1 expressly prohibits a pro se litigant from delegating his representation to any other person. Because Marina Fedorova is not a lawyer authorized to practice in this court, she may not pursue relief on behalf of Grigorii Fedorov through the instant petition. *See C.E. Pope Equity Tr. v. U.S.*, 818 F.2d 696, 697 (9th Cir. 1987) (a non-attorney acting in pro per may not appear or seek relief on behalf of others).

Although Marina Federova lists herself as "next friend" of Grigorii Fedorov, there is no indication that she has formally obtained "next friend" status. The concept of "next friend" standing in habeas corpus proceedings is codified at 28 U.S.C. § 2242. Section 2242 states that an "[a]pplication for a writ of habeas corpus shall be in writing and verified by the person for whose relief it is intended or by someone acting in his behalf." 28 U.S.C. § 2242. Generally, a "next friend" appears in court on behalf of a prisoner who is unable, usually because of mental incompetence or inaccessibility, to seek relief for himself. *Whitmore*, 495 U.S. at 162.

In *Whitmore*, the United States Supreme Court recognized the concept of "next friend" standing and explained that the next friend does not become a party to the action but "simply pursues the cause on behalf of the detained person, who remains the real party in interest." *Id.* at 163. "Next friend" petitions have been filed in a variety of contexts, but they have been utilized almost exclusively on behalf of capitally sentenced defendants. *See e.g., Demosthenes v. Baal*, 495 U.S. 731, 110 S. Ct. 2223, 109 L. Ed. 2d 762 (1990) (per curiam); *Lenhard v. Wolff*, 443 U.S. 1306, 100 S. Ct. 3, 61 L. Ed. 2d 885 (1979); *Evans v. Bennett*, 440 U.S. 1301, 99 S. Ct. 1481, 59 L. Ed. 2d 756 (1979).

There are at least two prerequisites before a person will be granted "next friend" standing under § 2242. *Whitmore*, 495 U.S. at 163. First, the "next friend" must provide an adequate explanation, such as lack of access to the court, mental incompetence, or other disability, why the real party in interest cannot appear on his own behalf to prosecute the action. *Id.*;ss *see also Brewer v. Lewis*, 989 F.2d 1021, 1025-26 (9th Cir. 1993) ("next friend" must clearly establish by meaningful evidence that the detained person is incompetent to assert his own rights). Second, the "next friend" must be truly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES -GENERAL**

| Case No. | 5:25-cv-01956-JLS-SP | Date | August 11, 2025 |
|---|---|---|---|
| Title | Grigorii Fedorov v. Warden Adelanto ICE Processing Center, et al. | | |

dedicated to the best interests of the person on whose behalf he seeks to litigate. *Whitmore*, 495 U.S. at 163. It has also been suggested that the "next friend" have some significant relationship with the real party in interest. *Id.* at 163-64.

The burden to establish the propriety of his or her status is on the proposed "next friend." *Id.* at 164. As a result, a habeas petition must set forth some reason or explanation for the need to resort to the use of a "next friend." *Martinez v. Mitchell*, 2009 WL 381969, at *2 (E.D. Cal. Feb. 13, 2009) (citing *Weber v. Garza*, 570 F.2d 511, 513–14 (5th Cir. 1978)). "It is clear that a 'next friend' may not file a petition for writ of habeas corpus on behalf of a detainee if the detainee himself could file the petition." *Id.* (citing *Wilson v. Lane*, 870 F.2d 1250, 1253 (7th Cir. 1989)).

Here, Marina Federova indicates she is Grigorii Fedorov's wife in the petition, but she nowhere indicates why she filed the Petition on his behalf. There is no showing or even suggestion that Grigorii Fedorov is incompetent or otherwise unable to file a petition on his own behalf. Marina Fedorova therefore has not established that she qualifies for "next friend" status.

For these reasons, the Petition appears subject to dismissal for lack of standing. Accordingly, the court hereby issues this **ORDER TO SHOW CAUSE** why the Petition should not be dismissed for lack of standing. Petitioner is **ordered** to file a written response to this Order to Show Cause on or before **August 25, 2025.**

**The court warns petitioner that failure to timely file and serve a response as directed in this Order may result in a recommendation that this action be dismissed without prejudice for lack of standing, for failure to prosecute, and/or failure to obey court orders.**